IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM WISE MURRAY,**

        **Petitioner,**

v.                               **Civil Action No. 2:05cv96**
                                         **(Judge Maxwell)**

**JOYCE FRANCIS,**

        **Respondent.**

## REPORT AND RECOMMENDATION

The *pro se* petitioner initiated this case by filing a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241. Petitioner paid the required filing fee on January 18, 2006, and the Respondent was subsequently directed to show cause why the petition should not be granted. After the granting of an extension of time, the Respondent timely filed a response on April 3, 2006. Petitioner filed a Traverse on April 13, 2006.

## I. Factual and Procedural History

According to the pleadings, Petitioner was found guilty by a jury of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). On August 23, 1994, Petitioner was sentenced by the United States District Court for the District of South Carolina to a term of 300 months imprisonment. Petitioners' conviction was affirmed on appeal.

On January 27, 1997, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255 with the sentencing court. The sentencing court granted the government's motion for summary judgment and Petitioner appealed. On appeal, the Fourth Circuit Court of Appeals found that Petitioner made a substantial showing of ineffective assistance of counsel and

remanded the case for resentencing. As a result, on January 26, 2000, Petitioner was resentenced to a 262-month term of imprisonment.[1]

Subsequently, Petitioner also filed a motion pursuant to 18 U.S.C. § 3582(b)(2) to correct sentence, a petition for writ of error *coram nobis* pursuant to 28 U.S.C. § 1651, a motion seeking authorization to file a second or successive petition under § 2255, a motion to amend his original § 2255 petition, a second motion seeking authorization to file a second or successive petition under § 2255, a motion for the district court to consider his case in light of the Supreme Court's rulings in Blakely and Booker, a second § 2255 motion, another motion to amend his original § 2255 motion and a third motion seeking authorization to file a second or successive petition under § 2255. All of Petitioner's motions were denied by either the sentencing court or the Fourth Circuit Court of Appeals.

## II. Petitioner's § 2241 Petition

Petitioner initiated this case on December 30, 2005. In the petition, Petitioner asserts that his sentence is illegal and unconstitutional pursuant to United States v. Booker, 543 U.S. 220 (2005).[2] In support of his claim, Petitioner asserts that the judge, not the jury, found facts that increased the statutory penalty for the crime. Specifically, Petitioner asserts that the sentencing judge increased his sentence by six levels when he alone found that a sawed-off shotgun was a dangerous weapon and was used in the commission of the bank robbery. As relief, Petitioner

---

[1] This case relates to Petitioner's original sentencing proceedings and not his resentencing.

[2] In Booker, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. Accordingly, the Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory.

seeks his immediate release from the custody of the Federal Bureau of Prisons.

### III. Analysis

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

3

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

Here, Petitioner clearly attacks the validity of his sentence rather than the means of execution and is seeking relief in this Court under § 2241 by attempting to invoke the savings clause of § 2255 by asserting a Booker claim. However, Petitioners' sentence became final and his first § 2255 motion was completed prior to the Supreme Court's decision in Booker.[3] Thus, Petitioners' claim is foreclosed by the Fourth Circuit's decision in United States v. Morris, 429 F.3d 65 (2005), in which the Court found that Booker is not retroactively applicable to cases on collateral review. Accordingly, Petitioner cannot show that § 2255 is inadequate or ineffective to test the legality of his sentence and he is not entitled to relief under § 2241.

## IV. Recommendation

For the foregoing reasons, it is the recommendation of the undersigned that Petitioner's § 2241 petition be DENIED and DISMISSED with prejudice. In addition, in light of the findings made herein, the undersigned also recommends that Petitioner's Motion for Summary Judgment (dckt. 12), second Motion for Summary Judgment (dckt. 17) and Motion for Judgment on the Pleadings (dckt. 24) be DENIED.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. §

---

[3] Booker was decided on January 12, 2005.

636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED: December 7, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE